ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | |
| | ) | |
| NATHANIEL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **SUMMONS** |
| | ) | (Jury Trial Requested) |
| THE CITY OF BEAUFORT, SOUTH | ) | |
| CAROLINA, B.C. BROOKS, Individually and | ) | |
| in his Official Capacity, T. BRUBAKER, | ) | |
| Individually and in her Official Capacity, and | ) | |
| AS YET UNKNOWN OFFFICERS OF THE | ) | |
| BEAUFORT CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribers hereunder at their offices located at Svalina Law Firm, P.A., Post Office Drawer 1206, 601 Bladen Street, Beaufort, South Carolina, 29901-1207 and Jared S. Newman, P.A., Post Office Box 515, 1508 Parris Avenue, Port Royal, South Carolina 29935, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in said Complaint.

*(Signature Block on Following Page)*

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

JARED SULLIVAN NEWMAN, P.A.


By: _____*s/Jared S. Newman*_____
Jared Sullivan Newman
SC Bar No. 0012930, Fed ID No.: 5584
Post Office Box 515
1508 Parris Avenue
Port Royal, SC 29935
Phone: 843-522-1313
Fax: 843-522-0421
jnewman@jnewmanlaw.com

-and-

SVALINA LAW FIRM, P.A.


By: _____*s/Samuel S. Svalina*_____
Samuel S. Svalina
SC Bar No. 15218, Fed ID No.: 5320
Clinton F. Redfern
SC Bar No. 100401, Fed ID No.: 11980
Post Office Drawer 1207
601 Bladen Street
Beaufort, SC 29901-1207
Phone: 843-524-0333
Fax: 843-524-4233
Sammy@svalinalawfirm.com
Clint@svalinalawfirm.com

ATTORNEYS FOR PLAINTIFF

January 18, 2019
Beaufort, South Carolina

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) |
| | ) |
| NATHANIEL ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **VERIFIED COMPLAINT** |
| | ) (Jury Trial Requested) |
| THE CITY OF BEAUFORT, SOUTH | ) |
| CAROLINA, B.C. BROOKS, Individually and | ) |
| in his Official Capacity, T. BRUBAKER, | ) |
| Individually and in her Official Capacity, and | ) |
| AS YET UNKNOWN OFFFICERS OF THE | ) |
| BEAUFORT CITY POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, complaining of the Defendants, would respectfully allege and show unto this Honorable Court as follows:

1. That, the Plaintiff is a citizen and resident of State of South Carolina and of the United States of America.

2. That, the Defendant CITY OF BEAUFORT is a body politic or political subdivision of the State of South Carolina, as defined in Section 15-78-10 *et seq,* of the Code of Laws of South Carolina, (2010), as amended. At all times mentioned herein, Defendant City of Beaufort, acting through the City of Beaufort's Police Department, was responsible for the policy, practice, supervision, implementation and conduct of all Police Department matters and was responsible for the appointment, training, supervision and conduct of all Police Department personnel.

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

3.     That, all acts and incidents described herein occurred in the County of Beaufort, State of South Carolina.

4.     That, the Individual Defendants (INDIVIDUALS), upon information and belief, are residents of the County of Beaufort, South Carolina.

5.     That, at all times mentioned herein, the Individual Defendants (INDIVIDUALS) were agents or employees of the CITY OF BEAUFORT's Police Department acting under the color of South Carolina State law, customs or practices, as police officers.

6.     That, at all times mentioned herein, the defendant UNKNOWN OFFICERS upon information and belief, are residents of the County of Beaufort, South Carolina.

7.     That, at all times mentioned herein, the Unknown Defendant (UNKNOWN INDIVIDUALS) were agents or employees of the CITY OF BEAUFORT's Police Department acting under the color of South Carolina State law, customs or practices, as a police officers.

8.     That, on January 22, 2017, the Plaintiff was arrested for a minor violation of a City of Beaufort municipal ordinance, to wit: open beer bottle while parked at a county boat landing within the City of Beaufort.

9.     That, the Plaintiff is an honorably discharged United States Veteran.

10.    That, in September 2004, the Plaintiff suffered an injury to his spinal cord which caused him to be in a paraplegic state from the chest down and since that time has been confined solely to ambulating via a wheelchair.

11.    That, after the Plaintiff was informed that he was under arrest there was an amicable exchange of information between the Plaintiff and the Defendant

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

officers about the Plaintiff's medical condition.

12.     That, the discussion primarily involved how to remove the Plaintiff from his parked vehicle and place him into a police car to be taken to jail and incarcerated for the minor municipal ordinance violation.

13.     That, the Plaintiff told the police officers that he was paralyzed and his wheelchair was in the back seat, which the officers admitted they observed, further the officers noted in their report that they observed a handicapped placard, handicapped license plate and hand controls on the vehicle's steering wheel.

14.     That, the Plaintiff told the officers that the only sure way to safely exit his vehicle was for the Plaintiff to unfold and position-lock his wheelchair; and then transfer into the wheelchair; once in the wheelchair he could move over to the waiting police squad car and transfer into the squad car from the wheelchair.

15.     That, the officers noted in their report, and as can be seen on the video, it was raining heavily and the boat landing had puddling-pooling of water in patches on the grooved uneven concrete surfaces.

16.     That, at the time of the incident, the Plaintiff weighed approximately two hundred plus pounds.

17.     That, at the time of the incident, both officers Brooks and Brubaker were fairly slight of build.

18.     That, despite protracted, although admittedly amicable discussions between the officers and the Plaintiff about the method of transfer from his vehicle to the police squad car, the officers demanded that their plan to pick-up the Plaintiff and have him attempt to hold on to the officers, who would then carry him in the

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

heavy rain and slippery conditions of the grooved pavement to the police squad

car and seat him inside to squad car.

19.    That, after a final plea from the Plaintiff to use his wheel chair, which was readily

accessible, the officers attempted to carry the Plaintiff from his vehicle.

20.    That, predictably, the officers dropped the Plaintiff who was dead weight from the

mid-torso on down due to the paraplegia.

21.    That, as he was dropped by the officers, his left leg folded and twisted under his

body and the Plaintiff sustained a severe comminuted fracture of his distal femur

as well as other serious bodily injuries as he landed on the wet pavement.

22.    That, the officers only then suggested they get out his wheelchair and try to place

the Plaintiff in his wheelchair.  Plaintiff was writhing on the wet concrete and in

great fear of being injured further and clung to the wheel of his vehicle in shock.

23.    That, at this point, the tow truck arrived on the scene and the officers shifted their

attention to giving information to the tow truck driver.

24.    That, while writhing on the wet concrete, the Plaintiff demanded medical attention

to which the officers ignored, still focused on the arrest and tow of the Plaintiff's

vehicle.

25.    That, only after a supervisor arrived on the scene was EMS summoned.  The

Plaintiff, still in a state of pain and shock allegedly refused transport, but was

transported by an unknown officer to the local emergency room.

26.    That, the officers ultimately decided not to tow the Plaintiff's vehicle and released

it to a friend who came shortly after the Plaintiff was injured.

27.    That, the officers abandoned their insistence of taking the Plaintiff to jail, gave

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

him a courtesy summons and abandoned him at Beaufort Memorial Hospital.

## FOR A FIRST CAUSE OF ACTION
(Gross Negligence)

28.     That, each and every allegation of fact alleged in paragraphs one (1) through twenty-seven (27) are reasserted and re-alleged as if restated herein verbatim.

29.     That, the South Carolina Tort Claims Act imposes on the Defendants a legal duty with respect to the care, custody and confinement of incarcerated persons not to act in a grossly negligent manner.

30.     That, the Defendants, jointly, severally and in combination thereof, were grossly negligent and or reckless with respect to the Plaintiff in the following manner:

    a.     By failing to appreciate the Plaintiff's serious medical condition;

    b.     By failing to provide medical treatment in a timely manner;

    c.     By ignoring the facts thus causing the Plaintiff to fall and sustain serious bodily injury;

    d.     By failing to provide the Plaintiff with his readily accessible wheelchair;

    e.     By devising a predictably ill-conceived plan to pick-up a two hundred pound paraplegic in heavy rain and slick conditions and dropping him causing sever fractures and other injuries;

    f.     By totally ignoring the pleas of the Plaintiff that their plan would fail;

    g.     By failing to consider the reasonable alternative proposed by the Plaintiff;

    h.     By being consciously indifferent to the Plaintiff's known medical needs;

    i.     By further injuring the Plaintiff when attempting to move him while he was writhing in pain from an obvious contorted fracture of his leg;

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

j.     By failing to use due care and caution in the exercise of their duties;

k.     By failing to use slight care or caution in the exercise of their duties;

l.     By failing to take adequate measures to prevent harm to the Plaintiff;

m.     By failing to provide safe conditions for the Plaintiff;

n.     By failing to take adequate measures to reduce the danger posed by the dangerous and wet conditions and Plaintiff's disability;

o.     By failing to adhere to proper law enforcement procedures;

p.     By failing to properly hire, train, retain, and supervise officers, employees, and/or agents;

q.     By failing to accommodate the disability of the Plaintiff;

r.     By failing to have in place proper and adequate policies, procedures and protocols relating to encountering, arresting, transporting and/or detaining disabled persons such as the Plaintiff pursuant to the law and proper police procedure, training of officers or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

s.     By failing to provide appropriate and accessible equipment to facilitate the safe arrest, transport and/or detainment of disabled persons;

t.     In all other ways being grossly negligent to be proven at trial.

31.     That, as a direct and proximate result of the Defendants' gross negligence and/or recklessness, the Plaintiff suffered severe and permanent physical, mental, and emotional injuries and other damages in the following particulars, to wit:

a.     serious and permanent injuries to his whole body, including but not limited to, his legs, hips, arms, back, and head;

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

b.  Has undergone extensive treatment programs, including surgery and participating in therapy and exercise programs;

c.  Has suffered other injuries related to the compromised condition of his body, such injuries he would not have suffered but for the collision;

d.  Has suffered, and likely will continue to suffer severe and chronic pain, physical injury, and severe discomfort in his whole body;

e.  Has suffered and continues to suffer from severe emotional distress, depression, insomnia, post-traumatic stress disorder, and nightmares;

f.  The ability of the Plaintiff to participate in work and recreational activities has been substantially limited and severely impaired and will most probably be substantially limited and impaired in the future;

g.  Has suffered and experienced, and will most probably continue to suffer and experience, other permanent physical impairments and disabilities;

h.  Has suffered and experienced, and will most probably continue to suffer and experience, an impairment of his enjoyment of living;

i.  Has incurred substantial medical expenses, and he will most probably continue to incur substantial expenses for medical care and treatment in the future;

j.  Has suffered and experienced and will most probably continue to suffer and experience substantial non-economic losses and damages, including, but not limited to: Permanent bodily injuries; Permanent physical impairment; Permanent intermittent pain and suffering; Permanent disfigurement; Permanent psychological injuries; Mental anguish; Emotional distress; and/or Impairment of his enjoyment of living.

k.  Has been injured in other ways, all to his substantial detriment.

**FOR A SECOND CAUSE OF ACTION**
(Federal Civil Rights Violations 42 U.S.C. §§ 1983, 1988)
Against all Individual Defendants

32.  That, each and every allegation of fact alleged in paragraphs one (1) through thirty-one (31) are reasserted and re-alleged as if restated herein verbatim.

33.  That, the Plaintiff is a citizen of the United States of America and at all times herein was subject to the jurisdiction of the United States.  The Plaintiff is

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

paralyzed from the chest down, cannot walk, and is required to use a wheelchair for mobility because of his disability. The Plaintiff's physical disability constitutes a serious medical condition and his wheelchair is a medical necessity.

34.   That, the Named and Unknown Defendant Officers at all times herein were acting under color of state law, to wit: South Carolina.

35.   That, the Named and Unknown Defendant Officers, jointly, severally and in combination thereof deprived the Plaintiff of certain rights afforded to and protected by the Constitution of the United States and Amendments appended thereto, to wit:

    a.   By depriving the Plaintiff of his right to be free from unlawful conditions of confinement under the Fourth and Fourteenth Amendments;

    b.   By disregarding Plaintiff's known and visible physical disability, and the corresponding risks to Plaintiff's health and safety by arresting him and attempting to transfer him to the patrol vehicle in an inaccessible, discriminatory and dangerous manner that did not accommodate his disability, failed to protect him, and threatened him serious harm;

    c.   By being consciously indifferent to Plaintiff's known medical conditions and failing to provide adequate medical care and attention to those known conditions, the Plaintiff was deprived of his rights afforded by the Fourth and Fourteenth Amendments of due process of law, the ADA and other state and federal laws;

    d.   In all other ways to be proven at trial.

36.   That, as a direct and proximate result of the Defendants' gross indifference and

recklessness in depriving the Plaintiff of his rights guaranteed under the United States Constitution, South Carolina Constitution and ADA, the Plaintiff suffered serious bodily injury and damages as set herein, and loss of procedural and substantive due process of law.

### FOR A THIRD CAUSE OF ACTION
(Federal Civil Rights Violations 42 U.S.C. §§ 1983, 1988)
Municipal Liability Against Defendant City of Beaufort

37.  That, each and every allegation of fact alleged in paragraphs one (1) through thirty-six (36) are reasserted and re-alleged as if restated herein verbatim.

38.  That, Defendant City of Beaufort at all times herein was acting under color of state law, to wit: South Carolina.

39.  That, upon information and belief, the Defendant City of Beaufort has no written policy in place concerning how its officers should arrest, transport, and/or detain people who use wheelchairs, nor does it have appropriate equipment to facilitate the safe arrest, transport and/or detainment of people who use wheelchairs.

40.  That, upon information and belief, the Defendant City of Beaufort failed to adequately train, monitor and supervise its officers, employees and/or agents on how to arrest, transport and/or detain persons confined to wheelchairs.

41.  That, upon information and belief, it was highly predictable that officers, employees and/or agents of Defendant City of Beaufort would encounter persons confined to wheelchairs and would have to arrest, transport and detain wheelchair users. Consequently, Defendant City of Beaufort knew to a moral certainty that Police Department officers would encounter, arrest, and transport people who use wheelchairs.

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP070000107

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

42.     That, upon information and belief, it continues to be highly predictable that officers, employees and/or agents of Defendant City of Beaufort will encounter persons confined to wheelchairs and will have to arrest, transport and detain wheelchair users.  Consequently, Defendant City of Beaufort knows to a moral certainty that Police Department officers will continue to encounter, arrest, and transport people who use wheelchairs.

43.     That, upon information and belief, the Defendant City of Beaufort knew that the failure to implement an adequate policy or practice to guide its officers, employees and/or agents on how to arrest, transport and/or detain persons confined to wheelchairs would result in the deprivation of individual wheelchair users' constitutional rights.

44.     That, upon information and belief, the Defendant City of Beaufort knew that the failure to train, monitor or supervise its officers, employees and/or agents on how to arrest, transport and/or detain persons confined to wheelchairs would result in the deprivation of individual wheelchair users' constitutional rights.

45.     That, by failing to implement an adequate policy and/or failing to train officers, employees and/or agents on how to arrest, transport, and/or detain persons confined to wheelchairs, the Defendant City of Beaufort has been deliberately indifferent to their constitutional duty despite the high predictability that officers, employees and/or agents would encounter persons confined to wheelchairs.

46.     That, Defendant City of Beaufort's deliberate choice not to implement an adequate policy or adequately train, monitor, or supervise officers, employees and/or agents on how to arrest, transport and detain persons confined to

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

wheelchairs resulted in a violation of the Plaintiff's rights secured by the Fourth and Fourteenth Amendments and the ADA. The Police Department's customs and practices for dealing with people who use wheelchairs are discriminatory and dangerous.

47.    That, as a direct and proximate result of the Defendants' gross indifference and recklessness in depriving the Plaintiff of his rights guaranteed under the United States Constitution, South Carolina Constitution and ADA, the Plaintiff suffered serious bodily injury and damages as set forth herein, and loss of procedural and substantive due process of law.

### FOR A FOURTH CAUSE OF ACTION
(Discrimination in Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.)*
Against Defendant City of Beaufort

48.    That, each and every allegation of fact alleged in paragraphs one (1) through forty-seven (47) are reasserted and re-alleged as if restated herein verbatim.

49.    That, under Title II of the ADA, it is illegal for public entities to discriminate against qualified individuals with disabilities. Under 42 U.S.C. § 12132, "no qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

50.    That, at all times herein, Plaintiff was paralyzed from the chest down and required a wheelchair for mobility.

51.    That, Plaintiff is a "qualified individual with a disability" under the ADA because

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

of his paralysis "substantially limits one or more major life activities" as defined by 42 U.S.C. § 12102(2).

52.    That, Defendant City of Beaufort is a "public entity", as defined by 42 U.S.C. §12131(1).

53.    That, Defendant City of Beaufort unlawfully discriminated against Plaintiff in violation of the ADA by failing to accommodate Plaintiff's qualified disability during his arrest, transport and detainment.

54.    That, by refusing to provide accessible services, the Defendants discriminated against Plaintiff adding an additional layer of punishment, injury and indignity to the arrest process solely because of Plaintiff's disability.  A person who does not have a disability would not otherwise have experienced this harm.

55.    That, as a direct and proximate result of the Defendants' gross indifference and recklessness in depriving the Plaintiff of his rights guaranteed under the United States Constitution, South Carolina Constitution and ADA, the Plaintiff suffered serious bodily injury and damages as set forth above, and loss of procedural and substantive due process of law.

56.    That, as a direct result of Defendants' unlawful and discriminatory conduct, the Plaintiff is entitled to damages, injunctive relief, and reasonable attorneys' fees and costs in an amount to be determined by the Court.

WHEREFORE, the Plaintiff prays for actual damages under the S.C. Tort Claims Act and for actual and punitive damages, together with attorney fees and costs under 42 U.S.C. §§ 1983, 1988, 12132 to be accessed by a duly constituted jury.  Plaintiff further prays for appropriate injunctive relief including but not limited to providing wheelchair accessible vehicles, equipment

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

and services in connection with the arrest and transport processes, and appropriate policies, training, and procedures governing the same. Lastly, Plaintiff prays for other and further relief that is just and warranted.

JARED SULLIVAN NEWMAN, P.A.

By: _____ *s/Jared S. Newman* _____
Jared Sullivan Newman
SC Bar No. 0012930, Fed ID No.: 5584
Post Office Box 515
1508 Parris Avenue
Port Royal, SC 29935
Phone: 843-522-1313
Fax: 843-522-0421
jnewman@jnewmanlaw.com

-and-

SVALINA LAW FIRM, P.A.

By: _____ *s/Samuel S. Svalina* _____
Samuel S. Svalina
SC Bar No. 15218, Fed ID No.: 5320
Clinton F. Redfern
SC Bar No. 100401, Fed ID No.: 11980
Post Office Drawer 1207
601 Bladen Street
Beaufort, SC 29901-1207
Phone: 843-524-0333
Fax: 843-524-4233
Sammy@svalinalawfirm.com
Clint@svalinalawfirm.com

ATTORNEYS FOR PLAINTIFF

January 18, 2019
Beaufort, South Carolina

ELECTRONICALLY FILED - 2019 Jan 18 10:18 AM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

## VERIFICATION

I, NATHANIEL ROBINSON, I have read the foregoing Complaint and verify that the facts and allegations are true and correct to the best of my knowledge, and/or upon information and belief, I believe the facts and allegations are true and correct.

Nathaniel Robinson

January __17__, 2019

STATE OF SOUTH CAROLINA, )
                              )       IN THE COURT OF COMMON PLEAS

COUNTY OF   BEAUFORT   )
                              )

NATHANIEL ROBINSON,      )        FOURTEENTH   JUDICIAL CIRCUIT
             Plaintiff(s) )

vs.                              )        AFFIDAVIT OF SERVICE
                              )

THE CITY OF BEAUFORT, SOUTH )     FILE NO:   2019-CP-07-0107
CAROLINA,   B.C.   BROOKS,
Individually   and   in   his   Official
Capacity,      T.      BRUBAKER,
Individually   and   in   her   Official
Capacity, and AS YET UNKNOWN
OFFICERS   OF   THE   BEAUFORT
CITY POLICE DEPARTMENT,

                  Defendant(s).   )

PERSONALLY PREPARED BEFORE ME, the undersigned deponent, who being duly sworn

says that (s)he served the _____ Summons and Complaint _____ in this action
                                  (Describe document(s) served)

on _____ Trisha Nicole Brubaker, _____ by delivery to
                           (Name of party served)

☒ _____ Trisha Nicole Brubaker _____ personally;
                       (Name of party served)

☐ _____, _____ the _____ _____ of the party served,
      (Name of person served)            (Note relationship to party)

and a person of discretion residing at the residence of the party served;

☐ _____, _____ the _____ _____
      (Name of person served)            (Title)        (Name of corporate party served)

and leaving with ☐(him) ☒(her) a copy at       90 Shell Hall Way
                                    (Street address)

in _____ Bluffton _____ _____ Beaufort _____ County, South Carolina,
           (City or Town)                County

on ___ February 10, 2019 ___ at ___ 12:35 ___ o'clock    PM

that deponent knows the person so served, and that deponent is not a party of this action, is not less

than eighteen (18) years of age and has no interest therein or connection therewith.

        ☐ Unable to locate and serve the above process on the defendant after diligent efforts to do so.
The process is returned unexecuted.

SCCA 402 (Revised 12/07)



ELECTRONICALLY FILED - 2019 Feb 11 12:34 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

Sworn to and Subscribed before me
this 11th day of Feb , 2019          )
                                      )
_____     )    _____
Notary Public for South Carolina      )         Signature of Deponent
                                      )
My Commission expires 7-15-26         )

Entered in the Sheriff's Service Book on _____

Book _____    Page _____    Number _____

ELECTRONICALLY FILED - 2019 Feb 11 12:34 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

STATE OF SOUTH CAROLINA, )
                                 )

COUNTY OF __BEAUFORT__ )

NATHANIEL ROBINSON, )
               Plaintiff(s) )
vs. )

THE CITY OF BEAUFORT, SOUTH )
CAROLINA, B.C. BROOKS,
Individually and in his Official
Capacity, T. BRUBAKER,
Individually and in her Official
Capacity, and AS YET UNKNOWN
OFFICERS OF THE BEAUFORT
CITY POLICE DEPARTMENT,

IN THE COURT OF COMMON PLEAS

__FOURTEENTH__  JUDICIAL CIRCUIT

AFFIDAVIT OF SERVICE

FILE NO:  2019-CP-07-0107

Defendant(s). )

PERSONALLY PREPARED BEFORE ME, the undersigned deponent, who being duly sworn

says that (s)he served the _____ Summons and Verified Complaint _____ in this action
                                       (Describe document(s) served)

on _____ Benjamin Christopher Brooks, _____ by delivery to
                           (Name of party served)

☒ _____ Benjamin Christopher Brooks _____ personally;
                           (Name of party served)

☐ _____, the _____ of the party served,
        (Name of person served)             (Note relationship to party)

and a person of discretion residing at the residence of the party served;

☐ _____, the _____ of _____
        (Name of person served)         (Title)        (Name of corporate party served)

and leaving with ☒(him) ☐(her) a copy at      485 Sams Point Road
                                         (Street address)

in ___Beaufort___ ___Beaufort___ County, South Carolina,
    (City or Town)        County

on ___February 11, 2019___ at ___12:55___ o'clock   PM

that deponent knows the person so served, and that deponent is not a party of this action, is not less
than eighteen (18) years of age and has no interest therein or connection therewith.

☐ Unable to locate and serve the above process on the defendant after diligent efforts to do so.
The process is returned unexecuted.

SCCA 402 (Revised 12/07)



ELECTRONICALLY FILED - 2019 Feb 11 4:50 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

Sworn to and Subscribed before me
this ___11___ day of __Feb___ , __2019__                )
                                                          )
_____                                )
Notary Public for South Carolina                          )
                                                          )        _____
My Commission expires __7-15-26_____                 )            Signature of Deponent
                                                          )

Entered in the Sheriff's Service Book on

Book _____                                      _____

Number _____

ELECTRONICALLY FILED - 2019 Feb 11 4:50 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP070100107

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS

                             )    FOURTEENTH JUDICIAL CIRCUIT

COUNTY OF BEAUFORT          )    CIVIL ACTION NO.: 2019-CP-07-00107

                             )

NATHANIEL ROBINSON,       )

                             )

              Plaintiff,  )

vs.                          )    **AFFIDAVIT OF SERVICE**

                             )

THE CITY OF BEAUFORT, SOUTH   )

CAROLINA, B.C. BROOKS, Individually and )

in his Official Capacity, T. BRUBAKER,  )

Individually and in her Official Capacity, and )

AS YET UNKNOWN OFFICERS OF THE  )

BEAUFORT CITY POLICE DEPARTMENT, )

                             )

             Defendants.  )

                             )

I, Richard Ulbrich, being duly sworn, depose and say that on **11**th day of **February 2019**, at **2:25** **P.M.** I served copies of the **Summons and Verified Complaint** in this action upon **The City of Beaufort, South Carolina** and **As Yet Unknown Officers of the Beaufort City Police Department** by personal delivery to **Katherine Cruz, the administrative assistant of William A. Prokop, City Manager of the City of Beaufort** at City of Beaufort City Hall located at 1911 Boundary Street, Beaufort, SC 29902.

I am over the age of 18 and have no interest in the above action.

                                           Richard Ulbrich

Subscribed and sworn to before me on the

11th day of Feb 2019.

Notary Public for South Carolina

KELLI PHIFER
NOTARY PUBLIC
STATE OF SOUTH CAROLINA
My Commission Expires 07-15-2026

ELECTRONICALLY FILED - 2019 Feb 11 7:01 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

ELECTRONICALLY FILED - 2019 Feb 11 7:02 PM - BEAUFORT - COMMON PLEAS - CASE#2019CP0700107

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT      )   CIVIL ACTION NO.: 2019-CP-07-00107
                        )
NATHANIEL ROBINSON,     )
                        )
              Plaintiff, )
vs.                     )   **AFFIDAVIT OF SERVICE**
                        )
THE CITY OF BEAUFORT, SOUTH )
CAROLINA, B.C. BROOKS, Individually and )
in his Official Capacity, T. BRUBAKER, )
Individually and in her Official Capacity, and )
AS YET UNKNOWN OFFICERS OF THE )
BEAUFORT CITY POLICE DEPARTMENT, )
                        )
              Defendants. )
                        )

I, Richard Ulbrich, being duly sworn, depose and say that on **11**[th] day of **February 2019**, at **2:40 P.M.** I served copies of the **Summons and Verified Complaint** in this action upon **As Yet Unknown Officers of the Beaufort City Police Department** by personal delivery to **Dominique, the administrative assistant of Matthew Clancy, Police Chief of the Beaufort City Police Department** at 1901 Boundary Street, Suite 102, Beaufort, SC 29902.

I am over the age of 18 and have no interest in the above action.

_____
Richard Ulbrich

Subscribed and sworn to before me on the
_11th_ day of _Feb_____ _2019_.
_____
Notary Public for South Carolina

KELLI PHIFER
MY Commission Expires
NOTARY
PUBLIC
07-15-2026
STATE OF SOUTH CAROLINA